UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEITH DARBY                                          CIVIL ACTION

VERSUS                                               NO. 09-2764

CHARLES L. NORFLEET, ET AL.                          SECTION "R"(3)

REPORT AND RECOMMENDATION
REGARDING QUANTUM OF ATTORNEY'S FEES

On December 18, 2009, the District Judge referred to the undersigned Magistrate Judge the Motion to Assess the Cost for Service and Attorney's Fees [Doc. #17] filed by plaintiff Keith Darby. *See* Order dated December 18, 2009 [Doc. #19]. Defendants Charles L. Norfleet and Vanessa Steinkamp Norfleet (collectively, "Norfleet") oppose the motion [Doc. #31]. For the reasons set forth below, IT IS RECOMMENDED that plaintiff's Motion to Assess the Cost for Service and Attorney's Fees [Doc. #17] be DENIED.

I.  BACKGROUND

On February 12, 2009, plaintiff Keith Darby sued Charles L. Norfleet, Vanessa Steinkamp Norfleet, Michelle Dunford and Dunford Realty, L.L.C., alleging violations of his rights under the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601 *et seq.*, and the Constitution and laws of the state of Louisiana, specifically Louisiana Revised Statutes §§ 51:2601-14 *et seq.*

Darby sent via certified mail a copy of the complaint, along with a Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons, to defendants

1

Norfleet on February 12, 2009. (Ex. P-1, attached to Pl.'s Mem. Supp.).[1]  Norfleet received the certified mail on March 5, 2009. (Ex. P-2). Norfleet failed and/or refused to waive service. After Norfleet failed and/or refused to waive service, Darby attempted service via Louisiana's long-arm statute. Norfleet refused to accept service. (Ex. P-3).

Darby then retained the service of a process server. (Ex. P-4 at ¶ 2, Aff. of Henry Sims). On August 1, 2009, the process server effected service on Norfleet. (*Id.* at ¶ 3). The cost of the process server was $200.00. (*Id.* at ¶ 4).

On October 5, 2009, Norfleet, acting *pro se*, filed an Answer, 174 days after Darby initially attempted service, 151 days after receipt of the certified letter by Norfleet and approximately 65 days after the process server effected service on Norfleet.

## II. PARTIES' POSITIONS

### A. Darby's Contentions

Citing Federal Rule of Civil Procedure 4, Darby argues that Norfleet had a duty to avoid any unnecessary expenses of serving the summons. Darby contends that unless Norfleet can demonstrate "good cause" for refusing to waive service, he is entitled to the expenses incurred to effect service and those incurred in drafting the motion to collect the service expenses.

Darby argues that Norfleet had well over 151 days to waive service but that their continued refusal made a mockery of the rule. Darby asserts that Norfleet's total disregard for the rule negatives any potential finding of "good cause" on their part. Accordingly, Darby argues that he is entitled to the $200.00 cost of the process server.

---

[1] All exhibits denoted "P" are attached to plaintiff's Memorandum in Support of Motion to Assess the Cost for Service and Attorney's Fees [Doc. #17].

In addition, Darby contends that he is entitled to $2,925.00 in attorney's fees, which represents 9.75 hours at $300/hour. Counsel for Darby attaches his affidavit and a Statement of Time Expended to justify the $2,925.00. (Ex. p-5). Darby cites *Premier Bank, National Ass'n v. J.B. Ward*, 129 F.R.D. 500 (M.D. La. 1990), to support his argument. There, the Louisiana federal court awarded $1,237.50 in attorneys' fees (and an additional $50.00 for the cost of the process server) after finding that defendant "chose to frustrate the procedures for service of process by mail." *Id.* at 502. Specifically, the court ordered: "Thus instead of [defendant] paying the minimum cost of a 25 cent first class stamp, he shall be required to pay the sum of $1,287.50." *Id.* In short, under Rule 4 and Louisiana federal-court case law, Darby asks the Court to award him $2,925.00 in attorney's fees and $200.00 for the cost of the process server, for a total award of $3,125.00.

### B. Norfleet's Contentions

Norfleet opposes the motion on three grounds. First, Norfleet opposes the motion on the ground that Darby failed to comply with Rule 4 when he served the waiver of service of process. Specifically, Norfleet contends that the affidavit of counsel for Darby and the evidence submitted in support of his motion fail to prove that Darby sent two copies of the waiver form to Darby and failed to provide Darby with a prepaid means to return the waiver form.

Norfleet also contends that he had good cause to not respond to the waiver request form. Norfleet allegedly suffered severe injuries to his back and other physical and mental impairments when he was dropped onto the deck of a boat while boarding a vessel at sea. He lost his income and his ability to support his family and was unable to pay the mortgages on his homes in Texas and Louisiana. He also suffered from bouts of depression and anxiety. Such ailments were exacerbated by Darby's alleged breach of an agreement to purchase Norfleet's home in Covington, Louisiana.

3

Accordingly, when Norfleet, unable to afford an attorney, received the waiver form in the mail, he did not understand the consequences of the waiver and the complaint. Norfleet contends that his physical injuries in combination with his depression and anxiety constitute good cause to not respond to the waiver.

Lastly, Norfleet argues that the amount of attorney's fees sought is excessive. Norfleet asserts that Darby is not entitled to costs associated with arranging formal service. In addition, Norfleet contends that the billing rate and time spent are excessive.

### III. ANALYSIS

#### A. Federal Rule of Civil Procedure 4

Rule 4 provides:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons.

Fed. R. Civ. P. 4(d)(1). The rule also provides:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court *must* impose on the defendant:
> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

*Id.* (d)(2)(A)-(B) (emphasis added). In other words, the mandatory nature of the rule ("must") requires the Court to order the offending party to pay the cost of effecting service and the attorney's fees incurred in researching and drafting the motion to recover the cost of effecting service *unless* the offending party demonstrates good cause for refusing to waive service.

However, Rule 4 also requires that the waiver form meet certain requirements. Specifically,

4

> The notice and request *must*:
> (A) be in writing and be addressed:
> (i) to the individual defendant; or
> (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
> (B) name the court where the complaint was filed;
> (C) be accompanied by a copy of the complaint, *two copies of a waiver form, and a prepaid means for returning the form;*
> (D) inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service;
> (E) state the date when the request is sent;
> (F) give the defendant a reasonable time of at least 30 days after the request was sent--or at least 60 days if sent to the defendant outside any judicial district of the United States--to return the waiver; and
> (G) be sent by first-class mail or other reliable means.

*Id.* (d)(1)(A)-(G) (emphasis added). As denoted by the term "must," these requirements are mandatory.

Here, the Court finds that plaintiff failed to comply with the requirements of Rule 4(d)(1)(C). The affidavit of plaintiff's counsel and the evidence that plaintiff submits with his motion fail to show that he provided two copies of the waiver form to Norfleet and, additionally, failed to provide a prepaid means to return the form. Federal courts consistently hold – and, at times, intimate – that failure to comply with the technical requirements of Rule 4 may foreclose any award of costs. *See Armco, Inc. v. Pernod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 n.1 (4th Cir. 1984) ("The plaintiff's lawyer failed to enclose a self-addressed, stamped envelope for return of the signed acknowledgment as required by the rule. That neglect may have foreclosed a possible claim for reimbursement of the cost of effecting personal service."); *Perez v. County of Westchester*, 83 F. Supp. 2d 435, 441 (S.D.N.Y. 2000) (denying reimbursement of costs because plaintiff's request for waiver did not directly notice defendant, was not accompanied by copy of complaint and failed to include prepaid means of compliance in writing); *Mason Tenders Dist. Council Pension Fund v.*

*Messera*, No. 95 CIV 9341, 1997 WL 221200, at *5 (S.D.N.Y. Apr. 1, 1997) (denying motion for costs when plaintiff failed to include stamp on self-addressed envelope).

In line with this same reasoning, federal courts find that service has not been effected properly when a plaintiff fails to comply with the technical requirements of Rule 4. *See Hardwick v. City of Seattle*, No. C05-282P, 2005 WL 2285421, at *2 (W.D. Wash. Sept. 19, 2005) ("Plaintiffs' attempted service fails to meet these requirements. First, it does not appear that Plaintiffs included the 'prepaid means of compliance in writing.' While Plaintiffs' cover letter lists a "SASE" (self-addressed stamped envelope) as an enclosure, there is no proof that it was actually enclosed." (citation omitted)); *Miles v. WTMX Radio Network*, No. 02 CV 427, 2002 WL 1359398, at *5 (N.D. Ill. June 20, 2002) ("*Third*, there is no indication that plaintiff included in the mailing a prepaid means for the defendant to comply with any requests for a waiver, as required by Rule 4(d)(2)(G)." (emphasis in original)); *Green v. Benden*, No. 99 C 6002, 2000 WL 1468764, at *6 (N.D. Ill. Sept. 29, 2000) (finding ineffective service of process when plaintiff failed to serve notice of the commencement of the action, copies of request that defendant waive service and prepaid means of compliance), *aff'd in part, vacated in part and remanded on other grounds*, *Green v. Benden*, 281 F.3d 661 (7th Cir. 2002); *Barge v. Knight-Ridder Corp.*, Civ. No. 3-95-600, 1996 WL 905621, at *2-3 (D. Minn. July 29, 1996) (finding ineffective service because, *inter alia*, plaintiff failed to include prepaid means of compliance).

Here, and as noted, the evidence that Darby submits with his motion fails to demonstrate that he complied with the mandatory requirements of Rule 4. First, the evidence does not demonstrate that he included two copies of the waiver request form. And second, there is no indication in the evidence that Darby included a prepaid means of compliance. Darby had the opportunity to respond

6

to Norfleet's opposition to rebut these statements but failed to do so. Accordingly, the Court finds that an award of costs is not warranted here.[2]

## RECOMMENDATION

Accordingly and for all of the above and foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's Motion to Assess the Cost for Service and Attorney's Fees [Doc. #17] be DENIED.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 22nd day of February, 2010.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Because the Court recommends that the motion be denied on this ground alone, the Court does not reach Norfleet's other two arguments.